Michelle R. Matheson #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debra Roach-Lee, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Granite Mountain Design, Inc., and Kurt and Jane Doe Wilkinson, | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff Debra Roach-Lee ("Plaintiff"), by and through her undersigned counsel, for her Complaint against Granite Mountain Design, Inc. and Kurt and Jane Doe Wilkinson ("Defendants"), states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an individual residing in Yavapai County, Arizona.

2. Upon information and belief, Granite Mountain Design, Inc. is an Arizona Corporation conducting regular business in Yavapai County, Arizona.

3. Defendant employed Plaintiff from approximately 2003 until March 23, 2017.

4. At all times relevant, Plaintiff was an "employee" of Granite Mountain Design, Inc. within the meaning of 29 U.S.C. § 203(e)(1).

5. Granite Mountain Design, Inc. is an employer within the meaning of 29 U.S.C. § 203(d).

6. Upon information and belief, Kurt and Jane Doe Wilkinson are a married couple residing and conducting regular and continuous business in Yavapai County, Arizona.

7. Kurt Wilkinson owns and operates, at least in part, Granite Mountain Design, Inc. Kurt Wilkinson is the President of Granite Mountain Design, Inc. In this capacity, Kurt Wilkinson exercised significant economic control over Granite Mountain Design, Inc., participated in the decision not to pay Plaintiff compensation and/or overtime compensation for all of her overtime hours, and was acting directly or at least indirectly in the interest of the employer Granite Mountain Design, Inc. In this regard, Kurt Wilkinson is also an employer under the FLSA.

8. Defendants caused the events and actions complained of herein to occur in Yavapai County, Arizona, which is a county within this Court's jurisdiction.

9. Plaintiff brings this action under the FLSA, 29 U.S.C. 201, *et seq.*, as a result of Defendants' failure to pay Plaintiff compensation and overtime compensation for all hours over 40 during weeks in which Plaintiff worked over 40 hours.

10. At all times material, Defendant Granite Mountain Design, Inc. was, and continues to be, engaged in interstate commerce as defined by the FLSA.

11. Upon information and belief, Granite Mountain Design, Inc. had annual gross revenue of at least $500,000.

12. Additionally, Plaintiff was engaged in "commerce" under 29 U.S.C. §§ 203 and 207(a)(1).

13. This Court has jurisdiction under 28 U.S.C. § 1331.

14. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

**FACTS COMMON TO ALL COUNTS**

15. Granite Mountain Design, Inc. is a manufacturing company that specializes in precision machining, sheet metal and welding.

16. Granite Mountain Design, Inc. hired Plaintiff as a Production Control Manager at its Dewey, Arizona location beginning in 2003.

17. No college or advanced degree is required for this position.

18. Plaintiff does not have an advanced degree, and did not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.  She also did not perform work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

19. Plaintiff also was not an administrative or executive employee as those terms are defined under the FLSA.

20. As a result, Plaintiff was not exempt under the FLSA from the overtime requirements.

21. From October of 2014 until February 14, 2015, Granite Mountain Design, Inc. paid Plaintiff on an hourly basis at a rate of $21.00 per hour.

22. From February 15, 2015 until March 23, 2017, Granite Mountain Design, Inc. paid Plaintiff on an hourly basis at a rate of $25.00 per hour.

23. While Defendants did pay Plaintiff 1.5 times her regular rate of pay for some hours worked over 40 in a week, Defendants did not pay Plaintiff 1.5 times her regular rate of pay for all of her hours worked over 40 in a week, including those hours worked from home, and did not pay Plaintiff at all for some of those hours.

24. Defendants' payment practices in this regard confirm Defendants knew Plaintiff was not exempt from the overtime provisions of the FLSA.

25. Plaintiff's paychecks confirm that she worked in excess of 40 hours per week on some occasions.

26. Plaintiff clocked in and out, and her paychecks confirm some of the approximate hours she worked during this time period, detailing her overtime.

27. She arrived at or before 6:00 a.m. 4 days per week, and often worked into the evening and on weekends.

28. Defendants failed to pay Plaintiff all of her overtime compensation for the above-referenced hours she worked over 40 in this time period.

29. Plaintiff's superiors were aware that she worked these hours.

30. Plaintiff estimates she worked additional hours/overtime hours many evenings and weekends at home, which is not reflected at all in her paychecks.

31. Defendants failed to pay Plaintiff at all her compensation and overtime compensation for these hours.

32. Upon information and belief, Defendants were or should have been aware that federal law required them to pay their employees performing non-exempt duties wages and overtime wages for all hours worked in excess of 40 per week.

33. Upon information and belief, Defendants were aware or should have been aware that Plaintiff customarily and regularly performed non-exempt work.

34. Upon information and belief, Defendants' failure to pay Plaintiff all of her wages and overtime wages for her work in excess of 40 hours per week was willful and without justification or authorization.

### **COUNT I – Violation of FLSA**

35. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

36. Section §207 of the Fair Labor Standards Act provides in relevant part:

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

4

37. Section 216(b) of the Fair Labor Standards Act provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . .

29 U.S.C. § 216(b).

38. Plaintiff was entitled to be paid one and one-half times her regular $21.00 and $25.00 hourly rate of pay for each hour worked in excess of 40 hours per workweek.

39. In the course of her employment with Defendants during the above-referenced time period, Plaintiff worked the number of hours required of her, many times in excess of 40 hours, but was not properly paid all of her compensation and overtime compensation for those hours.

40. The pay practices of Defendants, as described in the above paragraphs, violated the FLSA by failing to pay Plaintiff overtime compensation, and sometimes compensation, for all hours worked over 40 in each workweek.

41. Defendants' violations of the FLSA are willful and intentional, especially considering Defendants did pay for some, but not all, of Plaintiff's overtime compensation. Accordingly, Defendants were well aware of their overtime payment obligations under the FLSA and Plaintiff's non-exempt status, yet did not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

42. Plaintiff has been harmed and suffered damages by being denied some of her wages and overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

43. As a result of Defendants' unlawful acts, Plaintiff is entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff prays for relief against Defendants as follows:

a. An Order declaring that Defendants violated and willfully violated the FLSA;

b. Judgment for Plaintiff against Defendants for the overtime payments due Plaintiff for the hours worked without proper compensation as set forth in 29 U.S.C. § 216(b);

c. Liquidated damages against Defendants as set forth in 29 U.S.C. § 216(b);

d. An order awarding Plaintiff reasonable attorneys' fees along with costs and expenses against Defendants pursuant to 29 U.S.C. § 216(b); and

e. Any and all other relief the Court deems just and proper.

DATED this 20th day of October 2017.

**MATHESON & MATHESON, P.L.C.**

By: /s Michelle R. Matheson
Michelle R. Matheson, #019568
*Attorney for Plaintiff*